IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | DOCKET NO. 4:10CR00512-001 |
| THOR ALEXANDER MORRIS | § | |

**DEFENDANT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORT**

COMES NOW, the defendant, by and through Kelly W. Case, his counsel, and advises the court as follows:

**I.      Statement of Objection**

Pursuant to local rule 32.6B, the defendant hereby gives notice of his objection to the Presentence Investigation Report and its Addendum as follows:

**A.      "Intended Loss"**

The defendant objects to the calculation of "intended loss" in number 27 on page 6 of the original Presentence Investigation report. Specifically, the objection is to the 12 level increase based on the amount of "intended loss" pursuant to U.S.S.G. § 2B1.1(b)(1)(G) as set between $200,000.00 and $400,000.00.

The defendant, in his monitored conversations with undercover agents, was trying to appear more important and convincing through "puffing." His statements as to the amount of total monetary gain were not, in fact, true statements. Realistically, he knew that he could not possibly cause this amount of intended loss ($200,000.00 to $400,000.00), and in fact, admitted that he actually thought he might be able to obtain $40,000, for his attempted ATM fraud. See page 5, number 17 or the original presentence investigation report. Realistically, the defendant's intended loss should be in the range

more than $30,000.00, but less than $70,000.00, which would only be an increase of +6 points.

### B. "Use of Computer System"

The defendant objects to the calculation of a +2 point increase based on the offense involving a computer system used to maintain or operate a critical infrastructure, or used by or for a government entity in furtherance of the administration of justice, national defense, or national security, pursuant to U.S.S.G. § 2B1.1(b)(16)(A)(i). *See page 7, number 29 of the original presentence investigation report.*

The ATM machine from which the defendant was attempting to commit fraud was located in a shopping mall named "El Mercado." This particular ATM machine was not used to "operate a critical infrastructure". It is a free standing ATM machine, not connected to any bank or other type of infrastructure and owned by an individual or business that engages in no other banking activities, other than to provide ATM machines and charge a fee for such.

### II. CONCLUSION

The defendant requests that his sentence be based on a total offense level of 13, accounting for the objections listed above and taking into account the substantial assistance he has provided and which is referenced in the Government's Statement of No Objections to the Presentence Investigation Report and Motion for Acceptance and based on his acceptance of responsibility contained in the Addendum to the Presentence

Investigation Report.

                        Respectfully submitted,

                        CASE LAW, P.L.L.C.

                        By: _____
                        **KELLY W. CASE**
                        TBN: 03954070
                        2002 Timberloch Place
                        Suite 200
                        The Woodlands, TX 77380
                        281-296-5752 tel.
                        281-419-3599 fax
                        LAWYER FOR DEFENDANT,
                        THOR ALEXANDER MORRIS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Objection to the Presentence Investigation Report was served on the Government's counsel, Ms. Suzanne Elmilady, and the U.S. Probation Office by electronic filing and email on this 27th day of April, 2011.

_____
KELLY W. CASE