1                          UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF TEXAS
2                              HOUSTON DIVISION

3    UNITED STATES OF AMERICA       .
                                    . H-10-CR-512
4          vs.                      . HOUSTON, TEXAS
                                    . JANUARY 18, 2011
5                                   . 10:46 A.M.
     THOR ALEXANDER MORRIS          .
6    . . . . . . . . . . . . . . .

7
                           TRANSCRIPT OF REARRAIGNMENT
8                  BEFORE THE HONORABLE VANESSA GILMORE
                       UNITED STATES DISTRICT JUDGE
9

10

11              *THIS TRANSCRIPT HAS BEEN FURNISHED AT PUBLIC
     EXPENSE UNDER THE CRIMINAL JUSTICE ACT AND MAY BE USED ONLY AS
12   AUTHORIZED BY COURT ORDER.  UNAUTHORIZED REPRODUCTION WILL
     RESULT IN AN ASSESSMENT AGAINST COUNSEL FOR THE COST OF AN
13   ORIGINAL AND ONE COPY AT THE OFFICIAL RATE.
                    General Order 94-15, United States District
14   Court, Southern District of Texas.

15

16   A P P E A R A N C E S:

17

     FOR THE GOVERNMENT:
18
          Suzanne Elmilady
19        Assistant US Attorney
          PO Box 61129
20        Houston, Texas  77208-1129

21   FOR THE DEFENDANT:

22        Kelly W. Case
          Case Law, PLLC
23        2002 Timberloch Place
          Suite 200
24        The Woodlands, Texas 77380

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.

          *Cheryll K. Barron, CSR, CM, FCRR*            713.250.5585

1   A P P E A R A N C E S:  (Continued)

2   OFFICIAL COURT REPORTER:

3        Cheryll K. Barron, CSR, CM, FCRR
         U.S. District Court
4        515 Rusk Street
         Houston, TX  77002
5

6   ALSO PRESENT:

7        Defendant Thor Alexander Morris

8                        - - - - -

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2              THE COURT:  The United States of America versus Thor

3    Alexander Morris.

4              MS. ELMILADY:  Suzanne --

10:46   5       THE COURT:  I'm sorry.  For the United States.

6              MS. ELMILADY:  Suzanne Elmilady.  Good morning, your

7    Honor.

8              THE COURT:  Good morning.

9                   And for the defendant?

10:46  10        MR. CASE:  For the defendant, Kelly Case, your Honor.

11             THE COURT:  Okay.  Mr. Case.

12                  All right.  Mr. Morris, I understand you wish to

13   enter a plea of guilty in the case now pending against you in

14   this court.  Is that correct, sir?

10:47  15        THE DEFENDANT:  I don't know, your Honor.

16             MR. CASE:  Actually, your Honor, he has had a change

17   of heart.  I learned this early -- it's hard for me to

18   remember -- Saturday or Sunday.  So, I'm advising the Court he

19   would like more time to consider his options.

10:47  20        THE COURT:  And we are set for trial today.

21             MR. CASE:  Yes.  I've explained this to him.  I know.

22             THE COURT:  This is your trial date.  What do you want

23   to do?  Are you asking for a continuance?

24             MR. CASE:  Yes, we'll ask for a continuance based on

10:48  25   the defendant's request, your Honor.

10:48    1          THE COURT:  Okay.  Do you have any objection?

10:48    2          MS. ELMILADY:  Your Honor, I -- this is --

3          THE COURT:  It's not going to be a long continuance.

4    It's going to be, like, next week.

10:48    5          MR. CASE:  I understand.

6          THE COURT:  You're set for trial.  That's considering

7    that the United States doesn't object.  Otherwise tee it up

8    today, it's time for trial.

9          MS. ELMILADY:  Your Honor, I don't object.  It's a

10:48   10    little -- one of those cases where we've worked so hard

11    together.  It's a very extensive paper trail case with --

12          THE COURT:  Right.

13          MS. ELMILADY:  -- a lot of documents, lots of boxes.

14          THE COURT:  Right.

10:48   15          MS. ELMILADY:  And I've worked with the attorney

16    closely on this, and it was my understanding that we were

17    moving forward to plea this morning, until this morning.  And,

18    so, with regards to trial, I'm the first one to announce ready;

19    but I had no idea we were not going to be ready this morning

10:48   20    for a plea.

21          So, I would -- I would -- as much as I would like

22    to not agree to a continuance, I would have to, just for my own

23    purpose of getting everything together in a presentable manner

24    for your Honor and for the jury, due to the fact that it is one

10:49   25    of those cases that involve a lot of paperwork.

10:49   1          THE COURT:  A lot of paperwork?

2          MS. ELMILADY:  Yes, ma'am.

3          THE COURT:  On both ends?

4          MS. ELMILADY:  Yes, your Honor.

10:49   5          THE COURT:  So, what have we got?

6               Have you-all talked?  Have you-all talked to this

7    morning?

8          MR. CASE:  Yes, ma'am.

9          MS. ELMILADY:  I talked briefly with him, and he was

10:49   10   talking to his client.  I literally got the message this

11   morning that he wasn't going to plead this morning.  And, so --

12         THE COURT:  Okay.

13         MR. CASE:  -- I called my agent to have her here in

14   the event we needed to go -- I don't know.  Just to be safe.

10:49   15         THE COURT:  When can we go to trial?

16         MS. ELMILADY:  I would -- I would need some time to

17   organize all the paperwork.  I would need -- I would request at

18   least a month, your Honor, if that's possible.  If not, that's

19   okay.  I'll work day and night on it to get it ready.

10:49   20         THE COURT:  All right.  How long is the trial going to

21   be?

22         MS. ELMILADY:  I would suspect about three days,

23   Judge.

24         MR. CASE:  I agree with that, Judge.

10:49   25         THE COURT:  November 21 is a holiday.  I was fixing to

10:49   1   say I -- I was, like, thinking to myself isn't that Presidents'
        2   Day.
        3                    Three days, you guys?
        4          MS. ELMILADY:  Yes, your Honor.
10:50   5          MR. CASE:  I believe so, Judge.
        6          MS. ELMILADY:  And, your Honor, just so I give
        7   your Honor a heads up on what's going to happen, there are
        8   superseding charges that I did not file because I was working
        9   with the attorney since November on a plea.  And at this point,
10:50  10   if we are going to trial, I just want to let your Honor know
       11   that I will be superseding with at least two additional counts.
       12          THE COURT:  Okay.  Then I need 30 more days after
       13   that.
       14          MS. ELMILADY:  Yes.  I just realized I should probably
10:50  15   tell you that.
       16          THE COURT:  This is January the 18th.  When are you
       17   doing the superseding --
       18          MS. ELMILADY:  I'll do that this next week or by next
       19   Monday, for sure, I'll get it in.
10:50  20          THE COURT:  Well, now tell me when for sure.  Because
       21   obviously, I need -- I mean, I need 30 days afterwards.  So, it
       22   won't be this week or next week, for sure.
       23          MS. ELMILADY:  Grand jury isn't really meeting very
       24   often this week.  So, I'm probably going to have to do it next
10:51  25   week, which would be January 26th.  I can take it in then.

10:51   1          THE COURT:  So, then that trial date, the February

2      21st date wouldn't work -- February 22nd, because that's not

3      more than 30 days.

4              Byron.

10:51   5      (Sotto voce discussion at bench with court staff)

6          THE COURT:  All right.  The new trial date is February

7      the 28th, 2011, at 1:30 p.m.

8          MS. ELMILADY:  And, your Honor, I may just say -- oh,

9      sorry.

10:52   10          I just wanted to add that, because I've been

11     working so closely with Mr. Case on this case, we've actually

12     reached an amicable agreement until this morning.  The

13     defendant, I believe, was probation eligible, and I wasn't

14     going to argue against it.  And at this point I just want to

10:53   15     put on the record that all my offers and amicable dealings that

16     I've dealt with with Mr. Case regarding these things, I'm not

17     going to be able to, once I start preparing for trial, go back

18     and retract again.

19          THE COURT:  Well, you know, I don't blame you.  But I

10:53   20     mean --

21          MS. ELMILADY:  I know.  I'm just letting him know

22     because I've -- I've been working on this so hard and it's just

23     frustrating to be at this point.  And for me have to not to be

24     ready in front of your Honor also --

10:53   25          THE COURT:  That's fine.  We don't have a plea.

*Cheryll K. Barron, CSR, CM, FCRR*                    *713.250.5585*

10:53   1                    You understand I get to choose the sentence in a

        2    case like this.  So, whatever discussions you guys have had,

        3    none of that would be applicable in a situation in which there

        4    might be conviction.  Do you understand?

10:53   5                    THE DEFENDANT:  Yes, ma'am.

        6                    THE COURT:  All right.  As long as we're all straight.

        7    You-all don't have a deal.  There's no pleas.

        8                    MS. ELMILADY:  No, no.  I wasn't going to recommend,

        9    was my promise.

10:53  10                    THE COURT:  I know.

       11                    MR. CASE:  Judge, just -- I'm sorry to interrupt,

       12    Judge.

       13                    THE COURT:  Yes, sir.

       14                    MR. CASE:  But just to be clear, I would -- in an

10:54  15    overabundance of caution, like to make sure that Mr. Morris

       16    understands the consequences of what's happening today.

       17                    THE COURT:  Okay.  Well, let me -- you want some help

       18    from me in that regard?

       19                    MR. CASE:  Well --

10:54  20                    THE COURT:  That's fine.

       21                    MR. CASE:  Yes, that's fine.

       22                    THE COURT:  Yes.  Yes.

       23                    So, Mr. Morris, so, now, if you're not going to

       24    enter a plea and whatever discussions or deal or suggestion

10:54  25    that Ms. Elmilady would have made to the Court with respect to

10:54  1    the appropriate range of punishment or appropriate punishment

2    in this particular case, any discussions along those nature or

3    any deal that you may have reached with her is off the table

4    now, you understand, if this case is proceeding to trial,

10:54  5    right?

6              THE DEFENDANT:  Yes, ma'am.

7              THE COURT:  And you understand that if you're not

8    pleading guilty, that if you go to trial that you're entitled

9    to have a trial by jury and have a presumption of innocence

10:54  10   with respect to the charges being brought against you in this

11   case.  You understand that, right?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  And, so, I've reset the case for trial for

14   whatever date that I said, February the 28th.  You understand

10:54  15   that?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  But you understand that if you are

18   adjudged guilty in that proceeding that it will be my decision

19   and my decision alone what the appropriate sentence will be in

10:55  20   this case?

21             THE DEFENDANT:  Yes, ma'am.

22             THE COURT:  Okay.  And that there won't be any plea

23   with any suggestion from the United States as to what the

24   appropriate sentence is?

10:55  25             THE DEFENDANT:  Yes, ma'am.

10:55  1          THE COURT:  You know if you go to trial you also do

2    not get any credit for acceptance of responsibility.  There's

3    additional points that would be deducted if you pled guilty,

4    three additional points that would be deducted from your range

10:55  5    of punishment if you pled guilty; but you don't get any credit

6    for acceptance of responsibility if the case goes to trial.

7    You understand that?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  Okay.  I just -- your lawyer wants to make

10:55  10    sure you understand how all that works so that there's no

11    confusion about it later on.  You are entitled to a right --

12    you have a right to trial, and there's absolutely no problem in

13    us setting the case for trial.  And, so, that's what I am

14    doing.  I'm resetting it for trial for February the 28th, 2011,

10:55  15    at 1:30 p.m.  And there's nothing wrong with that.  That is

16    exactly what we're here to do every day of the week.

17          Okay.  Continuance is granted.

18          MR. CASE:  Thank you, Judge.

19          THE COURT:  And I will see you guys on the 28th of

10:56  20    February.

21          MS. ELMILADY:  Thank you, Judge.

22          MR. CASE:  Thank you, your Honor.

23      (Recess was taken from 10:56 a.m. to 11:34 a.m. while other

24    matters came before the Court)

11:34  25          THE COURT:  Please be seated.

*Cheryll K. Barron, CSR, CM, FCRR*                    713.250.5585

11:34  1            I guess, you guys, come on up.

2                MR. CASE:  Good morning again, Judge.

3                THE COURT:  Good morning again.

4                MS. ELMILADY:  Sorry to make you come back, your

11:35  5    Honor.

6                THE COURT:  No.

7                     On US versus Thor Morris, where are we now, then,

8    Mr. Case?

9                MR. CASE:  Your Honor, the accused has informed me

11:35  10   that he would like to change his plea from earlier today, from

11   not guilty to guilty.

12               THE COURT:  He didn't actually plead today.  I mean,

13   he can change his mind, I guess, about deciding whether or not

14   to enter a plea, I guess.

11:35  15               MR. CASE:  I guess so.

16               THE COURT:  Yeah.

17               MR. CASE:  So, that's where we are.

18                    But, again, I would ask the Court to admonish him

19   again, because -- I want to be sure he doesn't change his mind

11:35  20   again.

21               THE COURT:  Admonish him again?  I'm getting to ready

22   to do the entire admonishment.  But, again, if he --

23                    Do you want to enter a plea or not?

24               THE DEFENDANT:  Yes, ma'am.

11:35  25               THE COURT:  Okay.  I'll go through the whole plea

11:35  1    process with you.  Just a second.  Just give me a minute.

2               All right.  I understand you wish to enter a plea

3    of guilty in the case that's now pending against you in this

4    court.  Is that correct?

11:36  5    THE DEFENDANT:  Yes, ma'am.

6               THE COURT:  Before I can take your plea, I need to ask

7    you some questions under oath.  Raise your right hand to be

8    sworn, please.

9               THE CASE MANAGER:  Do you solemnly swear the testimony

11:36  10   you'll give in this matter now before the Court will be the

11   truth, the whole truth, and nothing but the truth, so help you

12   God?

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  Do you understand, sir, that you're now

11:36  15   under oath and that if you answer any of my questions falsely

16   that your answers can be used against you in another

17   prosecution for perjury; that is, for telling a false

18   statement?

19              THE DEFENDANT:  Yes, ma'am.

11:36  20   THE COURT:  State your full name.

21              THE DEFENDANT:  Thor Alexander Morris.

22              THE COURT:  How old are you?

23              THE DEFENDANT:  I'm 20 years old.

24              THE COURT:  I'm sorry.  Say it again.

11:36  25   THE DEFENDANT:  Twenty.

11:36  1          THE COURT:  And how far have you gone in school?

2          THE DEFENDANT:  I'm currently enrolled in college.  I

3    graduated --

4          THE COURT:  You need to speak up.  I can't hear you.

11:36  5          THE DEFENDANT:  Sorry.  I graduated high school, and

6    I'm currently enrolled in college.

7          THE COURT:  Where are you in college?

8          THE DEFENDANT:  At Coastal Carolina Community

9    College --

11:36  10         THE COURT:  Okay.

11         THE DEFENDANT:  -- in North Carolina.

12         THE COURT:  All right.  Have you ever been treated for

13   any mental illness or addiction to narcotic drugs of any kind?

14         THE DEFENDANT:  No, ma'am.

11:37  15         THE COURT:  Are you currently under the influence of

16   any medication, alcoholic beverage, or narcotic drug of any

17   kind?

18         THE DEFENDANT:  No, ma'am.

19         THE COURT:  Have you received a copy of the

11:37  20   indictment; that is, the charges that are pending against you

21   in this case?

22         THE DEFENDANT:  Yes, ma'am.

23         THE COURT:  Have you had a chance to go over those

24   charges with your lawyer, Mr. Case?

11:37  25         THE DEFENDANT:  Yes, ma'am.

11:37   1           THE COURT:  Are you satisfied with the counsel and

2       representation that your lawyer has provided to you?

3               THE DEFENDANT:  Yes, ma'am.

4               THE COURT:  Do you need any additional time to speak

11:37   5       with your lawyer, talk with your lawyer today before I take

6       your plea?

7               THE DEFENDANT:  No, ma'am.

8               THE COURT:  Mr. Case, have you had sufficient time to

9       investigate the law and the facts concerning the case against

11:37   10      your client?

11              MR. CASE:  Yes, ma'am, I have.

12              THE COURT:  Has he been able to cooperate with you in

13      every way?

14              MR. CASE:  Yes, ma'am.

11:37   15              THE COURT:  Do you believe he understands the nature

16      of the charges pending against him?

17              MR. CASE:  I do, your Honor.

18              THE COURT:  Do you believe that he's competent to

19      enter a plea of guilty?

11:37   20              MR. CASE:  I do, your Honor.

21              THE COURT:  Do you know of any reason why he should

22      not plead guilty, of any meritorious defenses that he might

23      have to the charges pending against him?

24              MR. CASE:  I do not, your Honor.

11:37   25              THE COURT:  Is there any plea agreement in this case,

11:37  1   Ms. Elmilady?

2           MS. ELMILADY:  There is not, your Honor.

3           THE COURT:  All right.  And, Mr. Morris, has anybody

4   made any promise or representation to you of any kind to induce

11:38  5   you to enter into a plea of guilty?

6           THE DEFENDANT:  No, ma'am.

7           THE COURT:  Has anybody tried to force you to plead

8   guilty?

9           THE DEFENDANT:  No, ma'am.

11:38  10          THE COURT:  Do you understand the offense to which you

11  indicated you wish to plead guilty is a felony offense and that

12  if you are adjudged guilty of that offense that that

13  adjudication could deprive you of valuable civil rights, such

14  as the right to vote, the right to hold public office, the

11:38  15  right to serve on a jury, the right to possess a firearm of any

16  kind?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  The maximum possible penalty provided by

19  law for the crime to which you've indicated you wish to plead

11:38  20  guilty is a term of imprisonment of not more than five years

21  and a fine of up to $250,000.  Do you understand?

22          THE DEFENDANT:  Yes, ma'am.

23          THE COURT:  Do you understand that the Court can also

24  impose a period of supervised release, following any term of

11:38  25  imprisonment, of up to three years; that if you should violate

11:38  1    any of the terms or conditions of supervised release then you

2    can be imprisoned for up to two years without any credit for

3    the time already served before that violation occurred?

4              THE DEFENDANT:  Yes, ma'am.

11:39  5              THE COURT:  Do you understand -- Ms. Elmilady, what's

6    the deal?  Is this a probable offense or not?

7              MS. ELMILADY:  I believe so, your Honor, it is.

8              MR. CASE:  Yes, it is, your Honor.

9              MS. ELMILADY:  Yes, your Honor.

11:39 10              THE COURT:  What's the answer to my question?

11              MS. ELMILADY:  Yes, ma'am.  Yes, your Honor.  Due to

12    his criminal history and the range of punishment it falls

13    under, it is a probable offense.

14              THE COURT:  Okay.  Do you understand that you cannot

11:39 15    have your sentence suspended and that you are not eligible for

16    parole?

17              THE DEFENDANT:  Yes, ma'am.

18              THE COURT:  Do you understand, for each offense, you

19    must pay a special assessment of $100; that is, $100 for the

11:39 20    one count of conviction in this case?

21              THE DEFENDANT:  Yes, ma'am.

22              THE COURT:  The sentencing commission has issued

23    advisory guidelines for judges, to help us determine the

24    sentence in a criminal case.  Have you talked to your lawyer

11:39 25    about how the sentencing guidelines might work in your

`11:39`  1   particular case?

2              THE DEFENDANT:  No, ma'am.  But I feel I have -- I

3    understand the law enough.

4              THE COURT:  What does that mean?

`11:39`  5              THE DEFENDANT:  I'm sorry.  Google?

6              THE COURT:  He didn't talk to you about the sentencing

7    guidelines?

8              MR. CASE:  I've given him the range.  I didn't sit

9    down and go through the table with him; but he understands the

`11:40`  10   range of punishment, Judge.

11             THE DEFENDANT:  Yes.

12             MR. CASE:  Is that correct?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Okay.  You understand that I won't be able

`11:40`  15   to determine the appropriate sentence for your case until after

16   a presentence investigation report has been prepared and you

17   and your lawyer and the lawyer for the United States have had a

18   chance to review that report and make any objections to that

19   report that you might want to make?

`11:40`  20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  You understand that the sentence that I

22   impose might be different from any estimate that your lawyer

23   may have given to you?

24             THE DEFENDANT:  Yes, ma'am.

`11:40`  25             THE COURT:  Do you understand that after it's been

*Cheryll K. Barron, CSR, CM, FCRR*                    713.250.5585

11:40  1    determined what guidelines apply in this case that I have

2    authority to impose a sentence that is more severe or less

3    severe than what is called for under the guidelines?

4              THE DEFENDANT:  Yes, ma'am.

11:40  5              THE COURT:  Do you understand that, under some

6    circumstances, you or your lawyer will have the right to appeal

7    any sentence that I impose?

8              THE DEFENDANT:  Yes, ma'am.

9              THE COURT:  Do you understand that parole has been

11:40  10   abolished in the federal system and that, if you are sentenced

11   to prison, you will not be released on parole?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  Do you understand that if the sentence is

14   more severe than you expected that you will still be bound by

11:41  15   the plea and you will have no right to withdraw it?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  Do you understand that you have the right

18   to plead not guilty to the offense charged against you and to

19   persist in that plea and, if you did so, you would have the

11:41  20   right to a trial by jury and at that trial you would be

21   presumed to be innocent and the government would have to prove

22   your guilt beyond a reasonable doubt and you would have the

23   assistance of counsel for your defense and the right to see and

24   hear all witnesses and have them cross-examined in your defense

11:41  25   and the right on your own part to decline to testify, unless

*Cheryll K. Barron, CSR, CM, FCRR*                    *713.250.5585*

11:41  1   you voluntarily elected to do so, in your own defense and, if

2   you decided not to testify or put on any evidence at all, that

3   that fact could not be used against you in trial?

4          THE DEFENDANT:  Yes, ma'am.

11:41  5          THE COURT:  Do you understand that by entering a plea

6   of guilty that if that plea is accepted by this Court that you

7   will have waived or given up the right to trial by jury and all

8   of the other rights associated a trial by jury that I have

9   described to you?

11:41  10         THE DEFENDANT:  Yes, ma'am.

11         THE COURT:  The charge to which you've indicated you

12  wish to plead guilty is under Count 1 of the indictment, fraud

13  and related activity in connection with computers, the elements

14  of which are that you knowingly and with intent to defraud

11:42  15  attempted to access a protected automated teller machine

16  without authorization and, by means of such conduct, intended

17  to defraud and attempted to obtain money from said protected

18  access device.

19              Do you understand what the government is claiming

11:42  20  that you've done to violate the law, sir?

21             THE DEFENDANT:  Yes, ma'am.

22             THE COURT:  Did you commit this crime?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  Ms. Elmilady, would you please make a

11:42  25  representation concerning the facts that you would be prepared

11:42  1   to prove if this case were to proceed to trial?

2              MS. ELMILADY:  Yes, your Honor.

3              If this case were to go to trial, the United

4   States would prove, beyond a reasonable doubt, that this

11:42  5   defendant, on April 22nd of 2010, traveled from Jacksonville,

6   North Carolina, to Houston, Texas, and Sergeant A. Noel Due,

7   acting in an undercover capacity as Leo, picked up the

8   defendant at the airport.

9              The defendant stated that he did not bring any

11:42  10  prepaid debit card that could be used to withdraw money upon

11  arrival of the target ATM and needed to go to Wal-Mart to put

12  money on a card prior to traveling to the first ATM to commit

13  the intrusion.  In the Wal-Mart parking lot Morris changed

14  clothes, putting on a white button-down shirt with a design

11:43  15  pattern, another pair of blue jeans, white shoes, a baseball

16  cap, and a black wig in which he called his "Rick James" wig.

17             Defendant Morris and Sergeant A. Noel, also known

18  as Leo, in his undercover capacity still, went into the

19  Wal-Mart where Mr. Morris purchased a Wal-Mart Green Dot

11:43  20  prepaid debit card for $3 and charged on the card $410.  The

21  defendant explained that the purpose of this was to have a $400

22  to, quote, unquote, withdraw the money from the ATM fee in

23  order to commit the intrusion.

24             He then registered -- registered his card under

11:43  25  walmartmoneycard.com under the name of Barack Obama.  The

11:43   1   defendant intended to gain unauthorized access at 35 ATM
        2   machines which he requested Noel Due, in his undercover
        3   capacity as Leo, to identify.  And they were going to take
        4   between 250,000 and 350,000 dollars throughout the day.
11:44   5             On April 22nd, upon arrival at the Mercado 6
        6   shopping center, the defendant walked up to the ATM, he typed
        7   in a specific code which resulted in the defendant being able
        8   to access the "Enter Password" screen.
        9             The defendant then made three attempts to enter
11:44  10   the default password which he had access to and that -- and
       11   allowed him to gain unauthorized administrator access and to
       12   complete the ATM function -- and to all -- access to all ATM
       13   functions.  He then attempted to gain unauthorized access by
       14   entering another password which he had acquired and that he
11:44  15   learned through his knowledge and his research.
       16             Subsequently, the FBI at this point interrupted
       17   the defendant and arrested him without incident.  At this
       18   point, unauthorized access was obtained; and he was not
       19   permitted to get into the main frame or even to attempt to
11:44  20   enter the password at that point.
       21             The FBI has an expert that will come in here and
       22   testify that the ATM was in working capacity at the time and
       23   that, if Mr. Morris had attempted -- had fully -- did this
       24   intrusion on this day, the intrusion would have been completed
11:45  25   and would have been successful and he would have stolen money

11:45  1    that he did not have permission to take.

   2          THE COURT:  All right.  Mr. Morris, you've heard the

   3    facts that the government has indicated it would be prepared to

   4    prove against you if this case were to proceed to trial.

11:45  5    Having heard those facts, sir, how do you now plead to the

   6    charges pending against you: guilty or not guilty, sir?

   7          THE DEFENDANT:  Guilty, your Honor.

   8          THE COURT:  All right.  Then, it is the finding of

   9    this Court in the case of the United States of America versus

11:45 10    Thor Morris that the defendant is fully competent and capable

  11    of entering an informed plea, that the defendant is aware of

  12    the nature of the charges and the consequences of his plea,

  13    that his plea of guilty is a knowing and voluntary plea

  14    supported by an independent basis in fact, containing each of

11:45 15    the essential elements of the offense.  This plea is therefore

  16    accepted, and the defendant is now adjudged guilty of the

  17    offense charged in Count 1 of the indictment.

  18          The Court orders that a presentence investigation

  19    report be prepared.  By May 22nd -- I mean, by February 22nd --

11:46 20    I'm sorry -- the initial report should be disclosed to counsel.

  21    By March 8, counsel should object in writing or state there is

  22    no objection.  By March 22, 2011, the probation officer shall

  23    submit to the Court a final presentence report with an addendum

  24    addressing any contested issue.

11:46 25          Sentencing is set for May 9, 2011, at 9:30 a.m.

*Cheryll K. Barron, CSR, CM, FCRR*            713.250.5585

11:46   1                      Mr. Case, if you want to be present with your

2       client for his interview, please let probation know today

3       before you leave.

4                      MR. CASE:  Yes, your Honor.

11:46   5                      THE COURT:  Anything else from the United States?

6                      MS. ELMILADY:  Nothing from the United States.

7                      THE COURT:  Anything else from the defense?

8                      MR. CASE:  Nothing from the defense, Judge.  Thank

9       you.

11:46   10                     THE COURT:  Thank you.  You-all are excused.

11           *(End of requested proceedings)*

12                           * * * * *

13                   COURT REPORTER'S CERTIFICATION

14           I certify that the foregoing is a correct transcript from
        the record of proceedings in the above-entitled cause.

15

16      Date:  August 5, 2011

17

18                      /s/   Cheryll K. Barron

19                      Cheryll K. Barron, CSR, CMR, FCRR
                        Official Court Reporter

20

21

22

23

24

25