IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTHERN TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 2 6 2012

David J. Bradley, Clerk of Court

United States of America )
    Plaintiff - Respondent )
)
)
v. ) Case No. 4:10-cr-00512-1
) Title 28 USC §2255 Motion
)
)
Thor Alexander Morris )
    Defendent - Petitioner )
_____)

    Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal custody, filed pursuant to Title 28 USC §2255.

    Comes now Petitioner, Thor Alexander Morris, in the above styled action being timely submitted within one year of his conviction becoming final, as required by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner respectfully requests that this Honorable Court construe his pro se pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir 1995).

### Jurisdiction

    The District Court has original jurisdiction pursuant to Title 18 USC §3231 and jurisdiction to review and adjudicate the merits of Petitioner's ineffective assistance of counsel claims under Title 28 USC §2255.

### Statement of Case

    On July 21, 2010, Petitioner was charged in a one count indictment with knowingly, and with the intent to defraud, attempt to access a protected automated teller machine in violation of 18 USC §1030(a)(4) and (b). On 1/18/2011, Petitioner pled guilty to the single count. Petitioner was sentenced on 5/9/2011 to 37 months of incarceration, 3 years of supervised release, and a $100.00 special assessment fee. Petitioner appealed his sentence to the Fifth Circuit Court of Appeals, and subsequently moved to voluntarily dismiss his appeal on or about 4/16/2012. Petitioner stated in his motion for voluntary dismissal, and continues to assert here, that he will not seek Supreme Court review and wishes to waive his right to any such review.

## Issues

I. Trial counsel was ineffective for failing to object to the government's breach of plea agreement at Petitioner's sentencing hearing.

II. Trial counselwas ineffective for failing to object to the failure to apply a 3 point Offense Level reduction under USSG §2X1.1(b)(1).

III. Trial counsel wqas ineffective for failing to object to the District Court's application of a USSG §3B1.1(c) enhancement.

## Standard of Review for Ineffective Assistance Claims

The Sixth Amendment to the Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. Const. amend III. To obtain relief on a claim of ineffective assistance of counsel under Section 2255, Petitioner must prove two things: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome and is less than a preponderance of the evidence." Dale v. Quarterman, 553 F.3d 876 (5th Cir 2008).

## Argument

Petitioner will address each of the above listed issues in turn:

I. Counsel was ineffective for failing to object to the government's breach of plea agreement at Petitioner's sentencing hearing.

While there was no written plea agreement in the instant case, there was an oral plea agreement. Immediately prior to the Petitioner pleading guilty, the government promised on record not to argue against a sentence of probation and also that no additional charges would be filed against Petitioner in exchange for Petitioner pleading guilty. (See Transcripts for 2nd Re-Arraignment held on 1/18/2011). Petitioner pled guilty as a direct result of the government's promises.

Petitioner reasonably understood that the government's promise not to argue against probation meant that it would not argue in favor of a sentence more harsh than probation. The government's recommendation at sentencing, however was totally inconsistent with what Petitioner reasonable understood the promise to be. "In determining whether the terms of the plea agreement have been violated, [the court] must determine whether the government's conduct is consistent with what is reasonably understood by the defendant when entering a plea of guilty. United States v. Huddleston, 929 F.2d 1030, 1032 (5th Cir 1991).

During Petitioner's sentencing hearing, when asked by the court what sentence the government recommended, the government responded by recommending a sentence "within the guideliens [37-46 months of incarceration]." See Transcripts for Sentencing Hearing held on 5/9/2011. Counsel should have objected to this obvious breach of the plea agreement, and Petitioner points to this failure to object to satisfy the first prong of Strickland.

To meet the second prong in establishing that counsel's deficient performance prejudiced Petitioner, Petitioner points to the reasonable probability that Petitioner would have received probation had the government recommended probation as promised and/or had counsel objected to the breach of plea agreement in a timely manner.

The reasonable probability that Petitioner would have received probation, but for counsel's error, Petitioner points to the following §3553 factors: (1) Petitioner was 19 at the time of the offense, (2) Petitioner has no criminal history, (3) Petitioner was enrolled in college at the time of the offense, (4) Petitioner had been gainfully employed since the age of 16, and (5) Petitioner had clear conduct for the 13 months that he was on pretrial release via an unsecure bond. Therefore, it is reasonably probable that Petitioner would have received probation but for counsel's error.

When a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971)(remanding where prosecutor breached promise not to make a recommendation at sentencing, even though the sentencing judge stated that prosecutor's recommendation did not influence his decision and Supreme Court had "no reason to doubt" this statement by the sentencing judge).

Santobello also provides that there are two remedies for a breach of plea agreement: (1) Specific enforcement of the plea agreement or (2) allowing the Petitioner to withdraw his guilty plea. In order to conserve judical resources, Petitioner asks only for specific enforcement of the plea agreement by resentencing Petitioner and allowing for the government to comply with the agreement at such resentencing.

*******************************************

II. USSG §2B1.1 was used to calculate the guideline range in the instant case. Application Note 17 for §2B1.1 allows for §2X1.1 to be used in "an offense involving a completed theft or fraud that is part of a larger, attempted theft or fraud." As Petitioner was convicted of an Attempt to violate Title 18 USC §1030(a)(4) and Petitioner only completed the acts he believed necessary for one of the 32 ATMs he was attempting to defraud (See Indictment, PSR, Criminal Complaint), Petitioner was entitled to a 3 point Offense Level reduction under §2X1.1(b)(1).

- 3 -

(See Application Note 4 of the Commentary to §2X1.1). Counsel was ineffective for not objecting to the District Court not applying a 3 point reduction under §2X1.1(b)(1). Petitioner points to this deficiency to satisfy the first Strickland prong.

The Fifth Circuit has observed that there are several considerations in determining whether a reduction for a partially completed offense under §2X1.1 is appropriate, among them are: "the circumstances <u>must</u> demonstrate that the balance of the significant acts completed and those remaining tip towards completion of the substantive offense, which requires that the district court consider the quality of the completed and remaining acts, not simply the relative quantities of each." <u>United States v. John</u>, 597 F.3d 263 (5th Cir 2010)(emphasis added)(citing <u>United States v. Waskom</u>, 179 F.3d 303, 308-309 (5th Cir 1999)).

Petitioner contends that, regarding the 31 ATMs he did not approach, the balance of the significant acts completed and those remaining does not tip toward completion of the substantive offense, and he is entitled to a §2X1.1(b)(1) reduction (which he would have received but for counsel's ineffectiveness). At the time of his arrest Petitioner had only completed one significant step in defrauding the other 31 ATMs: Petitioner had traveled from Jacksonville, NC to Houston, TX. The acts remaining include: purchase of 31 Greendot Prepaid debit cards (one for every $8,000 Petitioner intended to defraud the ATMs of); travel to each ATM; activate each Greendot prepaid card; reprogram each ATM to allow Petitioner to defraud the ATM; and actually defraud the ATM by withdrawing $8,000 from each ATM. (See Indictment, PSR, Criminal Complaint). Thus, it should be said that the balance of the significant acts completed and thos remaining did not tip toward completion of the substantive offense as required by <u>John</u> and <u>Waskom</u>; and Petitioner would have received a 3 point reduction under §2X1.1(b)(2), had counsel objected in a timely manner. Counsel's performance caused the court to procedurally err.

Had Petitioner received a 3 point reduction, his sentence would have been 27 months, not the 37 months he received, based on an offense level of 18 instead of 21. Because the court sentenced Petitioner to the bottom of his guideline range at his sentencing hearing, it is reasonably probable that Petitioner would have received a sentence at the bottom of his range if sentenced at an offense level of 18. This goes to show that Petitioner was prejudiced by Counsel's deficient performance and Petitioner has met the second <u>Stickland</u> prong.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

III. Counsel was ineffective for failing to object to the District Court's application of a USSG §3B1.1(c) enhancement.

Petitioner's Offense Level was enhanced by 2 points under §3B1.1(c) for having recruited Brian Martin to hack into ATMs (See PSR). Counsel was ineffective for not objecting to the application of said enhancement.

Mr. Martin cannot be considered a criminal participant in the crime for purposes of §3B1.1. Application Note 1 for §3B1.1 states that: "A person who is not criminally responsible for the commission of the offense (e.g., an undercover law enforcement officer) is not a participant." Due to Mr. Martin's capacity as a CI during the commission of the offense, he cannot be considered criminally responsible. Application Note 2 to §3B1.1 states: "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more participants." Because Mr. Martin cannot be considered a "participant" in the crime, Petitioner having recruited him cannot be the basis for Petitioner's §3B1.1(c) enhancement.

The Fifth Circuit has held that: attempt cases require a "substantial step, beyond mere preparation, toward committing [the underlying] crime," and "liability for attempt attaches if the defendant's actions have proceded to the point where they, if not interrupted, would culminate in the commission of the underlying crime." United States v. Polk, 118 F.3d 286 (5th Cir 1997). Due to Mr. Martin's capacity as a CI during Petitioner's commencement of the offense on 4/23/2010, Martin cannot be considered criminally involved in the offense, specifically when the required "substantial step" by Petitioner occurred, completing the elements necessary to violate the offense that Petitioner plead guilty to.

Counsel was ineffective for not objecting to the application of §3B1.1(c) in the instant case. Because of counsel's ineffective assistance, the Court procedurally erred in applying a §3B1.1(c) enhancement.

To show that Petitioner was prejudiced by Counsel's deficient performance, Petitioner points to the fact that had Counsel raised this issue Petitioner would not have received a 2 point offense level enhancement under §3B1.1(c). Had Petitioner not received a 2 point enhancement, he would have been sentenced at an Offense Level of 19, Category I, 30-37 months; not the Offense Level 21, Category I, 37-46 months that he was sentenced at. Because the Court sentenced Petitioner to the bottom of his guideline range at his original sentencing hearing, it is reasonably probable thta Petitioner would have received a sentence at the bottom of his guideline range if sentenced at the correct range of 30-37 months, thus resulting in a 7 month decrease in Petitioner's sentence. This

goes to show that Petitioner was prejudiced by Counsel's ineffective performance.

### Conclusion

For the foregoing reasons, Petitioner requests that this Honorable Court grant in full Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal custody pursuant to Title 28 USC §2255. In granting such Motion, Petitioner requests that this Court vacate Petitioner's sentence and resentence Petitioner.

Petitioner, Thor Alexander Morris, swears under penalty of perjury that the foregoing is true and accurate to the best of Petitioner's knowledge.

Respectfully Submitted,
This 23rd day of April, 2012.

Thor Alexander Morris
Reg. No. 33297-279
Federal Prison Camp
PO Box 52010
Bennettsville, SC  29512-5220

//

//

//

//

//

//

//