IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent,<br><br>v.<br><br>THOR ALEXANDER MORRIS,<br>    Petitioner.<br>    (Re: CA H-12-3086) | CRIMINAL NO. H-10-512 |

United States Courts
Southern District of Texas
FILED
FEB 01 2013
David J. Bradley, Clerk of Court

Motion to Alter or Amend Judgment

Petitioner brings the following Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). Petitioner argues that the Order of Dismissal entered in the above styled §2255 Petition contains three (3) manifest errors of law: (1) inadequate findings of facts and conclusions of law; (2) a certificate of appealability was niether granted nor denied; and (3) the Court did not consider Petitioner's Motion to Amend (Filed June 2012).

STANDARD OF REVIEW

"A motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir 2003).

"Manifest error is one that is plain and indisputable, and that amounts to a complete disregard for the controlling law." Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir 2004).

I. IT WAS MANIFEST ERROR OF LAW NOT TO INCLUDE FINDINGS OF FACTS AND CONCLUSIONS OF LAW IN THE ORDER OF DISMISSAL.

A. Controlling Law

"The basic rationale underlying Townsend v. Sain[, (1963) 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed. 3d 770] demands that a federal court make rather detailed factual findings concerning each of petitioner's substantial allegations. Without such findings, it is impossible for [the Court of Appeals] to determine whether habeas corpus has been properly denied." Harris v. Beto, 367 F.2d 567 (5th Cir 1966).

In United States v. Shaid, 916 F.2d 988 (5th Cir 1990), the Fifth Circuit stated that "unless the record shows conclusively that the petitioner is not entitled to relief, the district court must state findings of facts and conclusions of law for its ruling on a §2255 motion." (citing United States v. Daly, 823 F.2d 871 (5th Cir 1987)). See also, United States v. Edwards, 711 F.2d 633 (5th Cir 1983); and Hart v. United States, 565 F.2d 360-62 (5th Cir 1978)(remanding a summary denial of §2255 motion due to insufficient basis for review).

B. Manifest Error of Law

The Order of Dismissal in the instant case only cursorily stated that "[o]n the motion along with the whole record of the criminal proceeding, the defendant is entitled to no relief."

The Order gives the Court of Appeals no guide as to this Court's rulings on any of the issues, or to the findings of facts or conclusions of law which explain the basis for its denial of Petitioner's §2255 motion. Even a complete reading of the record would not reveal upon what portions of the record this Court relied in its ruling.

C. <u>Relief</u>

The Order should be amended to explicitly state the findings of facts and conclusions of law upon which this Court relied in deciding that Petitioner is not entitled to habeas corpus relief.

II. IT WAS MANIFEST ERROR OF LAW TO NEITHER DENY NOR ISSUE A CERTIFICATE OF APPEALABILITY IN THE ORDER OF DISMISSAL.

A. <u>Controlling Law</u>

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires, inter alia, that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

B. <u>Manifest Error of Law</u>

The Order of Dismissal was a "final order adverse to the applicant," within the meaning of Rule 11(a). The Order of Dismissal neither denied nor issued a certificate of appealability to petitioner.

C. <u>Relief</u>

The Order of Dismissal should be amended to allow for a ruling on the issuance of a certificate of appealability, as mandated by Rule 11(a).

III. IT WAS MANIFEST ERROR OF LAW FOR THE COURT NOT TO CONSIDER PETITIONER'S MOTION TO AMEND BEFORE IT DISMISSED THE §2255 PETITION.

A. <u>Controlling Law</u>

"The grant or denial of an opportunity to amend is within the discretion of the District Court," however "[g]iven the policy of liberality behind the Fed. R. Civ. P. 15(a), it is apparent that when a motion to amend is not even considered, much less granted, an abuse of discretion has occurred."

Lowrey v. Texas A&M Univ. Sys, 117 F.3d 242 (5th Cir 1997)(citing Foman v. Davis, 371 U.S. 178, 182, 183 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).

B. Manifest Error of Law

Petitioner filed his Motion to Amend in June 2012. Nevertheless, the District Court summarily dismissed his §2255 petition on January 17, 2013, without ruling on the Motion. This failure to consider the Motion to Amend is contrary to settled case law, and constitutes a manifest error of law.

C. Relief

The Order of Dismissal should be amended to allow for a ruling on the merits of Petitioner's Motion to Amend.

CONCLUSION

WHEREFORE, the interests of justice, the dictates of reason, and the issues presented above require the instant Motion to Alter or Amend Judgment to be granted.

Respectfully Submitted,
This 28th day of January, 2013.

Thor Alexander Morris
Reg. No. 33297-279
Federal Prison Camp
PO Box 52010
Bennettsville, SC  29512-5220

CERTIFICATE OF SERVICE

The foregoing Motion to Alter or Amend Judgment was served on the below listed parties by way of First Class pre-paid USPS Mail on January 28th, 2013:

United States Attorney Office
PO Box 61129
Houston, TX  77208
(713) 567-9574

Respectfully Submitted,
This 28th day of January, 2013.

Thor Alexander Morris
Reg. No. 33297-279
Federal Prison Camp
PO Box 52010
Bennettsville, SC  29512-5220

Thor Alexander Morris
Reg. No. 33297-279
Federal Prison Camp
PO Box 52010
Bennettsville, SC 29512-5220

US District Court
Clerk of Court
Bob Casey United States Courthouse
515 Rusk Street, Room 5300
Houston, TX 77002-2600

David J. Bradley, Clerk of Court

United States Courts
Southern District
FILED

FEB 01 2013