IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
(Re: CA  H-12-3086)

| | |
|---|---|
| UNITED STATES,<br>    Respondent,<br><br>v.<br><br>THOR ALEXANDER MORRIS,<br>    Petitioner. | MEMORANDUM IN SUPPORT |

Petitioner brings this Memorandum of law and fact in support of the foregoing Application for Certificate of Appealability.

### ISSUES FOR WHICH A CERTIFICATE SHOULD BE GRANTED

The Sixth Amendment to the Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. Constitution, amend. VI. To obtain relief on a claim of ineffective assistance of counsel under Section 2255, petitioner must prove two things: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984).

I. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO THE GOVERNMENT'S BREACH OF PLEA AGREEMENT AT SENTENCING.

1. Deficient Performance.

Immediately prior to Petitioner entering a guilty plea, the government promised not to argue against a sentence of probation and promised that no additional charges would be filed against Petitioner

in exchange for Petitioner pleading guilty. (See Transcripts for 2nd Re-Arraignment held on 1/18/2011). Petitioner pled guilty as a direct result of the government's promises.

Petitioner reasonably understood that the government's promise not to argue against probation meant that it would not argue in favor of a sentence more harsh than probation. The government's recommendation at sentencing that Petitioner be sentenced "within the guidelines [37-46 months of incarceration]" was totally inconsistent with what Petitioner reasonably understood the promise to be. Counsel should have objected to this clear breach of the plea agreement.

2. Prejudice.

To meet the second prong of <u>Strickland</u>, Petitioner points to the likelihood that Petitioner would have received probation had the government not argued against probation and/or had counsel objected to the breach of plea agreement.

The likelihood of a sentence of probation is supported by the following §3553(a) factors: Petitioner was 19 at the time of the offense, Petitioner had no criminal history, Petitioner was enrolled in college at the time of the offense, Petitioner has been gainfully employed since the age of 16, and Petitioner has had clear conduct for the 13 months that he was on pretrial release. Therefore, it is reasonably probable that Petitioner would have received probation but for counsel's deficient performance.

II. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO A SENTENCING ENHANCEMENT UNDER USSG §3B1.1(c).

1. Deficient Performance.

The basis for the 2 point enhancement under §3B1.1(c) was that Petitioner recruited Martin to hack into ATM machines. (See PSR).

Martin was not criminally responsible, thus cannot be considered a participant. The comments to the Guidelines define a "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g. an undercover law enforcement officer) is not a participant." U.S.S.G. §3B1.1 cmt. n.1.

The Fifth Circuit has held that attempt cases require a "substantial step, beyond mere preparation, toward committing [the underlying] crime," and "liability for attempt attaches if the defendant's action has proceeded to the point where they, if not interrupted, would culminate in the commission of the underlying crime." United States v. Polk, 118 F.3d 286 (5th Cir. 1997).

When Martin reported Petitioner to the FBI and ceased all contact on 3/22/2011, it cannot be said that either Petitioner or Martin had taken the required substantial step "beyond mere preparation" in order for criminal liability to attach. (See PSR). At no point does Martin's activity with Petitioner reach the point of criminal liability, thus Martin cannot be considered a participant under §3B1.1.

Application Note 2 to §3B1.1 states: "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more participants." Because Martin cannot be considered a "participant," an enhancement under §3B1.1 was

erroneous. Counsel should have objected.

2. Prejudice.

To show that Petitioner was prejudiced by cousnel's deficient performance, Petitioner points to the fact that had Counsel raised this issue Petitioner would not have received a 2 point enhancement under §3B1.1(c). Without the §3B1.1(c) enhancement Petitioner's guideline range would have been 30-37 months instead of 37-46. At sentencing, the court explicitly stated that it wished to sentence Petitioner to the bottom of the applicable guideline range. (See Sentencing Transcripts). Thus, it is reasonably probable that Petitioner would have received a sentence at the bottom of his guideline range if sentenced at the correct range of 30-37 months; resulting in a 7 month decrease in Petitioner's sentence.

III. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO A SENTENCING REDUCTION UNDER USSG §2X1.1(b)(1) NOT BEING IMPOSED.

1. Deficient Performance.

USSG §2B1.1 was used to calculate the guideline range in the underlying criminal case. Application Note 17 for §2B1.1 allows for §2X1.1 to be used in "an offense involving a completed theft or fraud that is part of a larger, attempted theft or fraud." As Petitioner was convicted of Attempting to violate 18 U.S.C. §1030(a)(4) and Petitioner only completed the acts he believed necessary for one of the 32 ATMs he was attempting to defraud (See PSR), Petitioner was entitled to a 3 point Offense Level Reduction under §2X1.1(b)(1). (See Application Note 4 to §2X1.1). Counsel was ineffective for not objecting to the District Court not applying a 3 point reduction under §2X1.1(b)(1).

The Fifth Circuit has observed that there are several considerations in determining whether a reduction for a partially completed offense is inappropriate, among them are: "the circumstances must demonstrate that the balance of the significant acts completed and those remaining tips toward completion of the substantive offense, which requires that the district court consider the quality of the completed and remaining acts, and not simply the relative quantities of each." United States v. John, 597 F.3d 263 (5th Cir. 2010)(citing United States v. Waskom, 179 F.3d 303, 308-09 (5th Cir. 1997).

Regarding the 31 ATMs Petitioner did not approach, the balance of the significant acts completed and those remaining does not tip toward completion of the substantive offense, and Petitioner is entitled to a §2X1.1(b)(1) reduction. (See Application Note 4 for §2X1.1). At the time of his arrest, Petitioner had only completed one significant step in defrauding the other 31 ATMs: Petitioner had traveled from Jacksonville, NC to Houston, TX. The acts remaining include: the purchase of 31 Greendot prepaid cards (one for every ATM that Petitioner intended to defraud); travel to each ATM; activate each Greendot Card; reprogram each ATM to allow Petitioner to defraud the ATM; and actually defraud the ATMs by withdrawling $8,000 from each ATM. (See PSR and Criminal Complaint). Thus, it should be said that the balance of the significant acts completed and those remaining did not tip toward completion of the substantive offense. Had counsel objected to this procedural error Petitioner would have received the 3 point reduction he was entitled.

2. Prejudice.

Had Petitioner received a 3 point reduction, his sentence would have been 27 months, not 37 months, based on an offense level of 18 instead of 21. Because the Court sentenced Petitioner to the bottom of his guideline range at his sentencing hearing, it is reasonably probable that Petitioner would have received a sentence at the bottom of the correct range if sentenced at an offense level of 18.

## CONCLUSION

WHEREFORE, based on the information provided above Petitioner prays that he be granted a Certificate of Appealability on all three of the ineffective assistance of counsel claims listed above.

Respectfully Submitted,
This 18th day of February, 2013.

Thor Alexander Morris
Reg. No. 33297-279
Federal Prison Camp
PO Box 52010
Bennettsville, SC  29512-5220

CERTIFICATE OF SERVICE

Petitioner, Thor Alexander Morris, hereby certifies under penalty of perjury that the foregoing Application for Certificate of Appealability and Memorandum in Support was mailed to the following parties via First Class Pre-paid USPS Mail on 02/18/2013.

United States Attorney's Office
P.O. Box 61129
Houston, TX  77208
(713) 567-9574

Respectfully Submitted,
This 18th day of February 2013.

Thor Alexander Morris
Reg. No. 33297-279
Federal Prison Camp
PO Box 52010
Bennettsville, SC  29512-5220